[No. F003428. Fifth Dist. July 12, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
KERRY WADE KRAUSS, Defendant and Appellant.

COUNSEL

Patience Milrod, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eddie T. Keller and Gary A. Binkerd, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**THE COURT.**\*—Appellant was convicted on his guilty pleas of burglary, robbery (two counts), and severance of phone lines. The trial court sentenced him to prison for an aggregate term of seven years, eight months, comprised of the six-year upper base term on the burglary and consecutive terms of one year on one robbery and eight months on the phone line charge. Pursuant to the multiple punishment bar of Penal Code section 654, the trial court imposed but stayed a six-year upper base term on the other robbery. The trial court ruled that Welfare and Institutions Code section 3052 rendered appellant statutorily ineligible for the California Rehabilitation Center (CRC), because his total prison term exceeded six years. Appellant contends the trial court misread section 3052.

█ Welfare and Institutions Code sections 3050 and 3051 provide the basic statutory authorization for narcotics addict commitment proceedings for a defendant upon conviction for any crime or following revocation of probation. However, Welfare and Institutions Code section 3052 renders these sections inapplicable to certain persons. The latter section provides, in pertinent part: "(a) Sections 3050 and 3051 shall not apply to any of the following:

". . . . . . . . . . . . . . . . . . . . . . . . .

"(2) Persons whose sentence is enhanced pursuant to subdivision (b) of Section 12022 of the Penal Code, or Section 12022.3, 12022.5, 12022.6, 12022.7, or 12022.8 of such code; or persons whose sentence is subject to the provisions of Section 3046 of the Penal Code; or persons whose conviction results in a sentence which, in the aggregate, exclusive of any credit that may be earned pursuant to Article 2.5 (commencing with Section 2930)

---

\*Before Franson, Acting P. J., Martin, J., and Van Auken, J.†

†Assigned by the Chairperson of the Judicial Council.

of Chapter 7 of Title 1 of Part 3 of the Penal Code, exceeds six years' imprisonment in state prison; or persons found to come under the provisions of Section 1203.06 of the Penal Code.

" . . . . . . . . . . . . . . . . . . . . . . . . ."

At issue here is the meaning of the reference to "persons whose conviction results in a sentence which, in the aggregate, exclusive of any credit that may be earned pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 of the Penal Code, exceeds six years' imprisonment in state prison; . . ." Reprising an argument made below, appellant asserts "that the plain meaning of this section permits referral to CRC of any person whose total sentence, after subtracting expected credits for good time and work time, amounts to six years or less."

■ Appellant's argument hinges on the word "aggregate", which is defined as "total." Appellant urges a distinction "between the *maximum* sentence, being the sentence pronounced, and the *total* sentence, being the sentence actually to be served." First, we note that the statutory language is "in the aggregate", which means "taken all together." (Webster's New World Dict. (2d college ed. 1982) p. 26.)

■ Second, the phrase "in the aggregate" finds a close parallel in Penal Code section 1170.1, subdivision (a), which provides, in pertinent part: "Except as provided in subdivision (c) and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the *aggregate term of imprisonment* for all such convictions shall be the sum of the principal term, the subordinate term and any additional term imposed pursuant to Section 667.5, 667.6, or 12022.1. . . ." (Italics added.) In-prison credits which may be earned under Penal Code section 2930 et seq. are not part of the "aggregate term of imprisonment" as defined in Penal Code section 1170.1, subdivision (a). We find no meaningful distinction between the concepts of "aggregate term of imprisonment" and a defendant's sentence "in the aggregate."

■ Third, in the great scheme of things, Penal Code section 2930 et seq., credits are no more a part of a defendant's prison sentence than income

tax credits are part of a taxpayer's income tax. Conduct credits are *reductions* from a defendant's prison term. For our purposes, credit is an accounting concept defined as "a sum deducted (from an amount owed)." (Webster's New World Dict. (2d college ed. 1982) p. 333.) To use a common metaphor, a sentence is the defendant's debt to society and conduct credits are a sum (when earned and if not forfeited) deducted from this debt.

■ Fourth, appellant's argument ignores the context of the words "in the aggregate" and the total phrase which we must interpret. That phrase is "a sentence which, in the aggregate, *exclusive of* any credit that may be earned . . . ." (Italics added.) "Exclusive of" means "not including or allowing for; ignoring." (Webster's New Word Dict. (2d college ed. 1982) p. 489.) This definition dispels any possible lingering doubt about how to interpret Welfare and Institutions Code section 3052, subdivision (a)(2). In determining whether a defendant's sentence in the aggregate exceeds six years in prison, a court looks to the total sentence not including or allowing for conduct credits which may be earned.

■ Finally, appellant argues we should adopt his construction as a reasonable one to achieve the evident rehabilitative intent of the narcotics addict commitment provisions. Two problems exist. First, as stated above, appellant's construction is not reasonable because it defies the statute's plain, unambiguous meaning. (*Tiernan* v. *Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 218-219 [188 Cal.Rptr. 115, 655 P.2d 317]; *People* v. *Irwin* (1984) 155 Cal.App.3d 891, 897 [202 Cal.Rptr. 475].) Second, while the narcotics addict commitment provisions generally evince a rehabilitative purpose (see *People* v. *Ortiz* (1964) 61 Cal.2d 249, 254-255 [37 Cal.Rptr. 891, 391 P.2d 163]), the phrase at issue here was part of a 1980 amendment to Welfare and Institutions Code section 3052 which expanded the categories of persons statutorily *ineligible* for CRC. At the same time (Stats. 1980, ch. 822, § 1), the Legislature deleted from Welfare and Institutions Code section 3051 a trial court's former authority "In unusual cases, wherein the interests of justice would best be served" to "order commitment notwithstanding Section 3052." The trial court's interpretation of the subject phrase promoted the purpose of certain portions of the 1980 legislation which cut back against the grain and substantially restricted access to CRC.

■ In sum, the trial court did not err in refusing to initiate narcotics addict commitment proceedings here. Nor was appellant prejudiced when both counsel acquiesced in the procedure proposed by the trial court and

secured from the Department of Corrections a correct interpretation of the statute.

The judgment is affirmed.